# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTONIETTA M. PUGLIESE,<br>  Plaintiff, | : <br> : <br> : | |
| v. | : | Case No. 3:06CV1013(AVC) |
| UNITED TECHNOLOGIES<br>CORPORATION,<br>  Defendant. | : <br> : <br> : <br> : | |

## RULING ON MOTION TO COMPEL

This is an action for damages and equitable relief arising out of the retirement of the plaintiff, Antonietta M. Pugliese, from the defendant, United Technologies Corporation ("UTC"). The two-count amended complaint is filed pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq. and alleges breach of fiduciary duty and breach of contract.

The plaintiff has filed a motion to compel. Specifically, the plaintiff seeks an order compelling UTC to answer interrogatories nos. 4, 7, and 10 and to produce documents in response to document requests 2, 4, and 9. For the reasons set forth below, the plaintiff's motion is GRANTED in part and DENIED in part.

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope and limitations of discovery. It states, in relevant part, that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Furthermore, "relevant information need not be admissible at the trial if the

discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. In the Second Circuit, "this obviously broad rule is liberally construed." Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991). "The burden . . . falls upon the party resisting discovery, to clarify and explain its objections and to provide support therefor." Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 43 (S.D.N.Y. 1984).

## THE DISCOVERY REQUESTS

The discovery requests at issue are the following:

1. <u>Interrogatory no. 4</u>:

    State whether between 2004 and the present other employees or former employees of the defendant have brought legal action against the defendant relating to its offering of a severance package or pension enhancement under the Union Contract.

2. <u>Interrogatory no. 7</u>:

    State when communication first began between UTC and the Union regarding the Union Contract, the persons involved, whether written, electronic or oral, and the substance of the communication.

3. <u>Interrogatory no. 10</u>:

    Identify every communication during 2003 and 2004 between the plaintiff and the defendant concerning the issue of the plaintiff's benefits under any company pension or severance plan, as follows: [requesting details].

4. <u>Document Request no. 2</u>:

    Copies of all documents provided to employees concerning the Union Contract or the negotiations leading to it.

5. <u>Document Request no. 4</u>:

   Copies of all documents, including minutes, transcripts, and call logs for meetings and telephone conferences identified in response to Interrogatory No. 8, 10 and 12.

6. <u>Document Request no. 9</u>:

   Any and all documents created or generated by or for the defendant (its agents, employees, third party consultants) between January 2003 and December 2004 concerning negotiations between Union and UTC regarding pension and severance benefits.

## **DISCUSSION**

The plaintiff filed her motion to compel on August 16, 2007, the day on which discovery was scheduled to close, and one day after UTC informed her that UTC would provide supplemental responses to her discovery requests. Since that time, UTC has apparently provided those supplemental responses. The plaintiff states that she is "content" and "satisfied" with the supplemental responses to interrogatory no. 7 and document request no. 2, but remains unsatisfied with the others.

The plaintiff states that the defendant has failed to respond to interrogatory no. 4, seeking information about other legal actions by former employees. The plaintiff argues that such information is relevant in that "other legal claims [could] throw light on the [matter], [and] reveal a pattern or practice of handling employee inquiries about benefit enhancements by providing false information." The plaintiff argues that details about other such legal actions could reveal documents or

3

witnesses relevant to her claims.

The defendant states that "UTC has already responded that there have been no such claims in the last ten years involving either of the two individuals whom Plaintiff alleges made misrepresentations to her." The defendant argues that any additional information about claims involving <u>other</u> individuals "would be wholly unrelated to Plaintiff's claims because the alleged misrepresentations . . . were made by two and only two specified individuals."

The court disagrees, and concludes that the defendant has failed to adequately respond to interrogatory no. 4. The language of the interrogatory seeks information about legal actions between 2004 and the present "relating to its offering of a severance package or pension enhancement under the Union Contract." Such similar claims, made during the same period of time, are relevant for discovery purposes, in that information about such claims has the potential to lead to admissible evidence in this case. The fact that different UTC employees may have been involved in such other legal actions, if any, does not negate the relevance of those actions. Therefore, with respect to interrogatory no. 4, the plaintiff's motion is GRANTED. The defendant is ordered to respond by indicating all similar "legal action[s] against the defendant relating to its offering of a severance package or pension enhancement under the Union

Contract" through the Pratt & Whitney Human Resources offices in Middletown, Connecticut, between 2004 and the present, regardless of whether such legal actions involve the two individuals whom the plaintiff alleges made misrepresentations to her.

With respect to the other interrogatories and document requests, the plaintiff argues that the defendant's various responses are inadequate. Specifically, the plaintiff seeks an indication of "what UTC says it told her," with respect to expected benefits changes at the time she was considering retirement. Further, with respect to document request no. 9, the plaintiff argues that "it is not plausible to believe negotiation officials failed to prepare anything [written] for the upcoming 2004 bargaining session prior to the first day of formal negotiations."

The defendant argues that it has fully responded to the discovery requests at issue. Specifically, UTC argues that it has "identified Gary Nester and Ralph Monschein as possessing information about their own communications with Plaintiff." Further, UTC argues that it has already clarified "that no 'informal' discussions took place before formal negotiations began in October"; that it has "already responded completely" to the requests; that it has already produced various responsive documents; and that it has not located any other responsive documents. In short, UTC states that, while reserving certain

objections, it has fully produced responsive documents and provided complete answers to the interrogatories.

The court agrees. The defendant does not purport to withhold responses or documents on the basis of its objections. Rather, it states that it has responded to the requests fully. The defendant's answer to the amended complaint clearly "denies" the plaintiff's assertions as to what UTC employees told her with respect to future changes to the benefits package.[1] Finally, the incredulity of the plaintiff with respect to the defendant's responses is not a sufficient basis for the court to compel production of documents that the defendant denies exist. Therefore, with respect to the discovery requests, other than interrogatory no. 4, which is discussed above, the motion to compel is DENIED.

In light of UTC's late responses to the various discovery requests, the discovery period is ordered re-opened until and including November 16, 2007, to provide the plaintiff sufficient time to conduct the depositions that may have been delayed by the defendant's late responses or by the pendency of the within motion to compel.

---

[1] The court notes that the amended complaint alleges that the plaintiff met with "Gary Nepster" and "Ralph Mancini," while the answer confirms meetings between the plaintiff and "Gary Nester" and "Ralph Monschein." The court assumes, for purposes of this ruling, that these are the same people, despite the discrepancy in the spelling of their names.

In sum, the plaintiff's motion to compel (**document no. 53**) is GRANTED in part and DENIED in part, as detailed above.

It is so ordered this 23rd day of October, 2007, at Hartford, Connecticut.

```
_____/s/_____
Alfred V. Covello, U.S.D.J.
```